**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jameel L. Banks,** | ) | **CASE NO. 1:07 CV 1279** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Helen J. Marberry, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 13) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Jameel L. Banks**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was convicted by a jury in 2003 of one count of aggravated robbery, three counts of kidnapping, and one count of theft, each count bearing a firearm specification. After merging the robbery and theft convictions, the trial court sentenced petitioner to a total of eight years on those counts; to concurrent three-year terms of imprisonment on each of the kidnapping convictions; and to three years on the firearm specification, with all sentences to be served consecutively, for an aggregate of fourteen years incarceration.  Petitioner's conviction arose out of the armed robbery of an Aldi's supermarket in Ashtabula County.

Petitioner raises two grounds for habeas relief:

**1.** [Petitioner] was represented by appointed counsel on direct appeal from his criminal conviction and imposition of a 14-year prison term. Appellate counsel raised three issues on direct appeal, challenging the sentence imposed under state law; challenging the trial court's decision not to sever [petitioner's] trial from that of his codefendant; and challenging [petitioner's] conviction as against the manifest weight of the evidence. Appellate counsel did not raise a constitutional challenge to the trial court's imposition of non-minimum and consecutive prison terms. These prison terms were based on facts that were found by the trial court, but were not found by the jury or proven beyond a reasonable doubt. Despite the fact that the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004) on June 24, 2006 [sic, June 24, 2004] over two months before appellate counsel filed [petitioner's] brief in the state court of appeals, appellate counsel never raised this important constitutional issue in the state court of appeals. Thus, appellate counsel failed to raise a meritorious sentencing issue on direct appeal and thereby rendered constitutionally ineffective assistance of counsel.

**2.** [Petitioner] was sentenced to serve two non-minimum prison terms, and these prison

2

>  terms were ordered to be served consecutively to each other and consecutively to a federal prison term. The trial court was required to make certain mandatory statutory findings before imposing non-minimum and consecutive prison terms on [petitioner]. See Ohio R.C. 2929.14(B)and (E)(4). These findings were not made by the jury or admitted by [petitioner]. The state trial court's reliance on factual findings that were not made by the jury or admitted by [petitioner] to support imposition of non-minimum and consecutive prison terms contravened his Sixth Amendment right to trial by jury.

The Magistrate Judge found the second ground for relief to be procedurally defaulted because it was not raised on direct review on principles of federal constitutional law.  He further found that the default was not excused by the ineffective assistance of appellate counsel (who failed to raise the claim on direct appeal), as asserted in his first ground for relief, because petitioner also defaulted this claim by failing to raise it in the appellate court on an application for reopening.

The Magistrate Judge proceeded to examine both grounds for relief on the merits, and found that they would nonetheless fail.

With regard to the first ground, the Magistrate Judge determined that petitioner cannot demonstrate that but for his appellate counsel's failure to raise the issue of sentencing error pursuant to *Blakely,* he would have prevailed on appeal (i.e., gained a remand for re-sentencing). The Magistrate Judge recognized that at the time of the filing of petitioner's direct appeal, most Ohio courts had held that the *Blakely* decision did not apply to Ohio's sentencing scheme. Additionally, the Magistrate Judge noted that in *Minor v. Wilson,* 213 Fed. Appx. 450 (6th Cir. 2007), the petitioner raised a claim of ineffective assistance of appellate counsel for failure to challenge the imposition of consecutive sentences without the requisite judicial findings to rebut

the presumption of concurrent sentences under the pre-*Foster* felony sentencing scheme[1]. In rejecting the petitioner's arguments, the court recognized the "dramatic change" in Ohio's felony sentencing law in response to *Apprendi* and *Blakely*, as stated by *Foster*. The court noted, however, that petitioner could not benefit from those changes in light of the fact that his case was

---

[1] As explained by the Magistrate Judge:

> In *Blakely*, the court held that violations of the Sixth Amendment... could be avoided if "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Although the *Blakely* case limited the authority of the trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way. In January of 2005 the United States Supreme Court held, in *United States v. Booker*, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the *Blakely* decision, but they could be used in an advisory manner. The Ohio Supreme Court applied the *Apprendi, Blakely*, and *Booker* decisions to the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which provide for judicial findings of fact in order to rebut presumptions in sentencing terms; §2929.14(C), providing for the imposition of maximum sentences; §2929.14(D)(2)(b), findings for repeat violent offender; §2929.14(D)(3)(b), major drug offenders; §2929.14(E)(4), providing for the imposition of consecutive sentences; and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. State v. Foster, 109 Ohio St.3d 1, 62-67, 83 (2006). The constitutional violation was premised upon the fact that those provisions require judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. Those offending portions of the sentencing code were severed, but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for imposing maximum or consecutive sentences. As the court did in *Booker,* the Ohio Supreme Court determined that its holding in *Foster* was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order. (Doc. 13 at 13-14).

not pending on direct review at the time of the change in law and that, in any event, the new sentencing scheme would work to his detriment considering that "trial courts [were] now no longer required to make any findings or give any reasons when imposing consecutive sentences." The Magistrate Judge determined that the same new felony sentencing scheme would work to the detriment of the petitioner herein because his sentences were imposed within the statutory limits, and under the post-*Foster* sentencing rules the trial court is not required to engage in fact-finding or to articulate its rationale in order to impose concurrent (or consecutive) sentences within the statutory limits. Accordingly, petitioner's appellate counsel's failure to raise the issue was not objectively unreasonable. Furthermore, the Magistrate Judge found that a claim of improper sentencing was not clearly stronger than those claims presented in the appeal. Had petitioner prevailed on the manifest weight of the evidence argument, for instance, he could have gained a reversal of his conviction. The sentencing challenge would only have resulted in a remand for re-sentencing.

With regard to the second ground, the Magistrate Judge concluded that any *Blakely* error would have been harmless because there is no reason to believe that petitioner would have received a more favorable sentence even if he were re-sentenced. The Magistrate Judge cited *Shafer v. Wilson*, 2007 WL 315760 (N.D.Ohio Jan. 30, 2007), wherein the court stated that while petitioner's sentence violated *Blakely,* "because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence."

Petitioner objects[2] and asserts that the trial court's imposition of the non-minimum and consecutive sentences under the former Ohio statutory provisions violated *Blakely* and petitioner's counsel acted unreasonably in ignoring this decision which obviously implicated petitioner's sentence. Petitioner urges the Court to follow the similar case of *Thompson v. Warden,* 2008 WL 1943204 (S.D.Ohio April 30, 2008), wherein the court conditionally granted the petition for writ of habeas corpus and found that appellate counsel's ineffectiveness in failing to raise the *Blakely* claim was cause for the procedurally defaulted claim that his sentence violated *Blakely*. There, the court adopted a Report and Recommendation over respondent's argument which employed the reasoning of the Magistrate Judge herein, i.e., appellate counsel was not ineffective for failing to assert a *Blakely* claim on direct appeal and petitioner cannot establish prejudice because the Ohio courts had not reached a consensus as to whether Ohio's sentencing statutes violated *Blakely* at the time petitioner's appeal was pending, and the Ohio Supreme Court had not issued *Foster* at the time the direct appeal was pending.

Since the objections herein were filed, another court in the Northern District of Ohio has agreed that a *Blakely* violation does not require issuance of a writ of habeas corpus because the error is harmless. In *Smith v. Moore,* 2008 WL 3890009 (N.D.Ohio August 19, 2008), the court stated,

> Prior to the Ohio Supreme Court's ruling in [*Foster*] Ohio law required that the trial court make certain findings before imposing a sentence beyond the presumptive minimum. The court was also required to make findings prior to imposing consecutive sentences. The *Foster* Court found that these required findings violated the Sixth Amendment. Accordingly, that Court severed the offending portions of the statutes and gave Ohio trial

---

[2] Petitioner also asserts that the Magistrate's findings regarding procedural default were erroneous. Because the Magistrate entertained the grounds on the merits, the Court addresses the merits only.

6

> court judges full discretion to impose any sentence within the statutory range without making any findings of fact. '[T]he new structure actually works to [the defendant's] detriment, as trial courts are now no longer required to make any findings or give any reasons when imposing ... sentences.' [citing *Minor*, supra]
> While this district has issued conflicting decisions on the issue of harmless error under this scenario, the Court is persuaded that any such error was harmless. As noted above, prior to *Foster*, the Ohio Court was required to make findings prior to increasing a defendant's sentence beyond the presumptive minimum. As a result, the findings, while violating the Sixth Amendment, actually served to protect a defendant from a harsher sentence. Accordingly, the Court can say with certainty that the error complained of 'did not affect the [ ] court's selection of the sentence imposed.' If anything at all, the prior unconstitutional sentencing structure benefited Petitioner and prohibited the trial court from imposing an even higher sentence.

This Court agrees with this reasoning and, therefore, declines to issue a Petition for Writ of Habeas Corpus.  Petitioner requests that this Court alternatively grant a certificate of appealability and allow petitioner to proceed *in forma pauperis* on appeal.  As the court stated in *Smith,* due to the conflicting decisions in this District, a certificate of appealability should issue.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.  This Court grants a certificate of appealability, pursuant to 28 U.S.C. § 1915(A)(3), as to whether petitioner's two grounds fail on the merits as discussed herein.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 9/23/08